## No. 14,169.

## BARR & HETTERMANN vs. W. K. HENDERSON.

### SYLLABUS.

1. Where A was to get lumber from B and deliver it to C, and both contracts were broken, the one breach the consequence of the other ; and in suits predicated on the respective breaches damages were allowed, measured by the difference between market value of the lumber and contract price; A after paying the judgment awarded to C against him cannot come back against B for the amount; it would be making B pay the same damages twice.

APPEAL from the First Judicial District, Parish of Caddo— *Land, J.*

*Alexander & Wilkinson* and *George Whitfield Jack,* for Plaintiffs, Appellants.

*Wise & Herndon,* for Defendant, Appellee.

The opinion of the court was delivered by

PROVOSTY, J. Plaintiffs contracted with defendant for the output of his saw-mill for one year, and then contracted to deliver the same

lumber, or part thereof, to E. B. Williams & Co. Defendant defaulted on his contract with plaintiffs, and as a consequence plaintiffs defaulted on their contract with Williams & Co. Plaintiffs brought suit and recovered of the defendant the difference between the market value of the lumber and the contract price. Williams & Co., in turn, brought suit and recovered of the plaintiffs the difference between the market value of the lumber and the contract price. Both suits covered the same ground. In both what was claimed was the market value of the lumber, less the contract price. Plaintiffs seek to recover in the present suit the amount paid to Williams & Co. Evidently it is an attempt to make defendant pay twice for the market value of this lumber, less contract price; it is a renewal of the first suit.

For greater clearness we have put the case as if plaintiffs had sold all the lumber to Williams & Co., and at the same price; in point of fact they did not; but the legal situation is not thereby changed; the essential element of the problem is that in both cases the thing claimed was the market value.

If they sold to Williams & Co. only a particular grade, they could, and did, claim from defendant for that particular grade the same market value that Williams & Co. claimed for it of them. That particular grade was to be delivered to them by defendant, just as well as by them to Williams & Co.; and they were equally with Williams & Co. at liberty to claim for it market value, and in point of fact did equally claim for it market value. Again, if we suppose that the prices of the two contracts were different, the result is that the one demand contained the other, plus the margin between the two prices. If plaintiffs sold at a profit, as in point of fact they did, the demand of their suit contained the demand of the Williams & Co. suit, plus this profit. If they sold at a loss, then the situation as between the two suits was reversed. But in the latter event the excess contained by the Williams & Co. suit, cannot be recovered of defendant; as it is the result of plaintiff's having sold at a loss, and not of the breach of defendant's contract. As admirably put by the very learned District Judge, "If the lumber had been delivered by defendant to plaintiffs, and they had delivered same to Williams & Co., plaintiffs would have sustained the same loss."

There is no error in the judgment appealed from, and it is affirmed.